```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SANDINO CAMPBELL, #1308851,

                        Plaintiff,
                                                                    OPINION & ORDER
            -against-                                               15-CV-00871 (SJF)(GRB)

SHERIFF SPOSATO OF THE NASSAU COUNTY
CORRECTIONAL CENTER; COPORAL [SIC] JOE
BONIFACE, Shield # 338; and JOHN DOES
1-4, "Boniface's Cadre of Correction Officers,"

                        Defendants.
----------------------------------------------------------------X
FEUERSTEIN, District Judge:
```

**FILED
CLERK**

4/28/2015 4:27 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

On February 12, 2015, incarcerated *pro se* plaintiff Sandino Campbell ("plaintiff") filed a complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against Michael Sposato ("Sheriff Sposato"), the Nassau County Sheriff; Corporal Joe Boniface, Shield # 338 ("Cpl. Boniface"); and four (4) unidentified corrections officers designated by plaintiff as "Boniface's cadre of correction officers" (collectively, "defendants"), accompanied by an application to proceed *in forma pauperis*. Since plaintiff's financial status, as set forth in the declaration in support of his application to proceed *in forma pauperis*, qualifies him to commence this action without prepayment of the filing fee, see 28 U.S.C. §§ 1914(a); 1915(a)(1), plaintiff's application to proceed *in forma pauperis* is granted. However, for the reasons set forth below, plaintiff's Section 1983 claims against Sheriff Sposato are *sua sponte* dismissed for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

I.   Background[1]

In his complaint, plaintiff alleges: (a) that he is a "practicing [R]astafarian of the Church of Haile Selassie," (Compl. at 7, ¶ 4); (b) that when he was transferred into the Nassau County Correctional Center ("NCCC") from a New York state prison in December 2013, an unidentified corrections officer at the NCCC confiscated one (1) of his two (2) religious "crowns" that his religion requires him to wear, (id. at 6-7, ¶¶ 3, 5); (c) that when he requested to attend Rastafarian services in January 2014, the NCCC's "chaplin" informed him that the NCCC "does not permit, nor acknowledge [R]astafarian services" and that he "must change his religion to go to services [t]here," (id. at 7-8, ¶ 6); (d) that shortly thereafter, when he attempted to receive a visitor to the NCCC wearing his remaining religious crown, Cpl. Boniface "and his cadre of officers" stopped him, (id. at 8, ¶ 7), and Cpl. Boniface ordered him "not to wear [his] [R]astafarian crown at any time in or around the [NCCC][,]" (id. at 8-9, ¶¶ 8-9); (e) that when he objected and advised Cpl. Boniface that he is an "approved and recognized [R]astafarian" and "has [a] right to [] express his religious freedom[,]" (id., at 9, ¶ 10), Cpl. Boniface demanded that he remove the crown and "put it back in [his] cell[,]" (id. at 9-10, ¶ 11); (f) that "under menace and threat of direct order [he] had no choice but to return to his cell and remove his [crown][,]" (id. at 10, ¶ 12); (g) that upon returning from his visit, he requested a grievance form, but Cpl. Boniface "and his cadre" informed him that "there are 'no' grievance forms and he cannot grive [sic] the issue * * *[,]" (id. at 10-11, ¶ 14); and (h) that his grievance nevertheless "came to the

---

[1] All material allegations in the complaint are assumed to be true for the purposes of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true), and do not constitute findings of fact by the Court.

2

attention of the grievance office[,]" (id. at 11, ¶ 15), and on January 29, 2015, he received "legal mail correspondence from the grievance unit that had been opened without his presence * * * [and that] was dated several days prior indicating [his] grievance will be denied in abscence [sic] of [a] timely response when * * * such time had expired[,]" (id. at 11-12, ¶¶ 15-18).

Plaintiff seeks: (1) "to enforce his civil rights, (Compl. at 13, ¶ 23); and (b) to recover compensatory and punitive damages in the amount of two million dollars ($2,000,000.00). (Id.)

II. Discussion

A. Standard of Review

Under both the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and the *in forma pauperis* statute, 29 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding *in forma pauperis*).

It is axiomatic that district courts are required to read *pro se* complaints liberally, Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citation omitted), and to construe them "to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (quotations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010), aff'd — U.S. —, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing Ashcroft v. Iqbal,

3

556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)); see also Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 171, 125 S. Ct. 1497, 161 L. Ed. 2d 361 (2005).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). While the plausibility standard "does not require detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft, 556 U.S. at 678, 129 S. Ct. 1937. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1937); accord Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 87 (2d Cir. 2013), cert. denied, 134 S. Ct. 918, 187 L. Ed. 2d 781 (2014).

B.  Section 1983

Section 1983 of Tile 42 of the United States Code provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." See, e.g., Filarsky v. Delia, --- U.S. ----, 132 S. Ct. 1657, 1661, 182 L. Ed. 2d 662 (2012). Thus, to state a Section 1983 claim, a plaintiff must allege: (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or

4

immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (citation omitted); see also Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012).

          1.       Claims against Sheriff Sposato

A Section 1983 claim must allege the personal involvement of any individual defendant in the purported constitutional deprivation. See Raspardo v. Carlone, 770 F.3d 97, 115, 116 (2d Cir. 2014) ("If a defendant has not *personally* violated a plaintiff's constitutional rights, the plaintiff cannot succeed on a § 1983 action against th[at] defendant. * * * § 1983 requires individual, personalized liability on the part of each government defendant."); Spavone v. New York State Dep't of Corr. Servs., 719 F.3d 127, 135 (2d Cir. 2013) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (quotations and citation omitted)). "Personal involvement" may be established by evidence of direct participation in the challenged conduct, i.e., that the supervisory official "commit[ted] the acts personally" or "authorize[d], order[ed], or help[ed] others to do the unlawful acts," Terebesi v. Torreso, 764 F.3d 217, 234 (2d Cir. 2014), cert. denied, 2015 WL 1757185 (Apr. 20, 2015), or by evidence of the supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003); see also Grullon v. City of New Haven, 720 F.3d 133, 139 (2d Cir. 2013). "In addition to satisfying one of

th[o]se requirements, a plaintiff must also establish that the supervisor's actions were the proximate cause of the plaintiff's constitutional deprivation." Raspardo, 770 F.3d at 116. "The fact that [a defendant] was in a high position of authority is an insufficient basis for the imposition of personal liability." Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065 (2d Cir. 1989); see also Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004). A complaint based upon a violation under Section 1983 that does not allege facts establishing the personal involvement of an individual defendant fails as a matter of law. See Costello v. City of Burlington, 632 F.3d 41, 48-9 (2d Cir. 2011).

Plaintiff has not alleged the direct participation of Sheriff Sposato in the alleged violations of his constitutional rights, nor any basis upon which to find him liable in a supervisory capacity. Indeed, although plaintiff names Sheriff Sposato as a defendant in the caption of the complaint, he does not mention him anywhere in the body of the complaint. Since the complaint fails to state a plausible Section 1983 claim against Sheriff Sposato, plaintiff's Section 1983 claims against him are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief, **unless on or before June 1, 2015,** plaintiff files an amended complaint re-pleading his Section 1983 claims against Sheriff Sposato to correct the deficiencies set forth herein.

      B.     Claims against the "John Doe" Corrections Officers

The United States Marshal Service ("USMS") will not be able to effect service of the summonses and the complaint on the unnamed defendants without more information regarding their identity. Since the Second Circuit has held that district courts must provide incarcerated

*pro se* litigants with reasonable assistance in investigating the identity of "John Doe" officers, see Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) (*per curiam*), the Clerk of the Court shall serve copies of the complaint and this order upon the Nassau County Attorney, who shall attempt to ascertain the full names and service address(es) of the "John Doe" defendants allegedly involved in the incident described in the Complaint and provide such information to the Court and plaintiff **within thirty (30) days from the date that this Order is served upon him**. Once the information is provided to the Court by the Nassau County Attorney, plaintiff's complaint shall be deemed amended to reflect the full names of the "John Doe" defendants; summonses shall be issued as to those defendants; and the USMS shall serve the summonses, the complaint, this order and the Notice of Hearing dated April 28, 2015 upon those defendants.

III.  Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted and plaintiff's Section 1983 claims against Sheriff Sposato are *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), **unless plaintiff files an amended complaint in accordance with this Order on or before June 1, 2015**. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order.

The Clerk of the Court shall serve copies of the complaint and this order on the Nassau County Attorney, who shall attempt to ascertain the full names and service address(es) of the "John Doe" defendants described in the complaint and provide that information to the Court and plaintiff **within thirty (30) days from the date that this Order is served upon him**. Once the

information is provided to the Court by the Nassau County Attorney, plaintiff's complaint shall be deemed amended to reflect the full names of the "John Doe" defendants; summonses shall be issued as to those defendants; and the USMS shall serve the summonses, the complaint, this Order and the Notice of Hearing dated April 28, 2015 upon those defendants. In addition, the Clerk of the Court shall: (1) forward copies of the summons, the complaint, this order and the Notice of Hearing dated April 28, 2015 to the USMS for service upon Cpl. Boniface without prepayment of fees; and (2) serve plaintiff with (a) notice of entry of this order in accordance with Rule 5(b) of the Federal Rules of Civil Procedure and (b) a copy of the Notice of Hearing dated April 28, 2015, and record such service upon the docket.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

/s/
Sandra J. Feuerstein
United States District Judge

Dated: April 28, 2015
Central Islip, New York